IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MR. SCOTT JEFFREY MELNICK, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 14-3074 |
| | : | |
| v. | : | |
| | : | |
| CNBC STUDIO, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                                                                                            October 24, 2014

This matter is one of 29 cases filed by the plaintiff *pro se*, Mr. Scott Jeffrey Melnick, in which he is attempting to collect hundreds of millions of dollars based on alleged contracts by which he provided advice to various individuals and entities as to how to win the lottery.[1] For the reasons set forth below, the court will order the plaintiff to show cause why the court should not dismiss the complaint in this case for (1) lack of subject-matter jurisdiction or (2) lack of timely service of process under Rule 4(m) of the Federal Rules of Civil Procedure.

---

[1] The plaintiff has filed 28 other actions in which he essentially alleges that (1) he expressly or impliedly entered into agreements with various individuals and entities through which he would provide them with guidance as to how to win the lottery, or (2) individuals or entities improperly obtained and used his advice as to how to win the lottery. *See* Civ. Action Nos. 5:14-cv-2855 (*Melnick v. The White House, et al.*), 5:14-cv-2856 (*Melnick v. Krotchta, et al.*), 5:14-cv-2857 (*Melnick v. Melnick, et al.*), 5:14-cv-3058 (*Melnick v. Knopf Automotive*), 5:14-cv-3060 (*Melnick v. The Dulski, et al.*), 5:14-cv-3062 (*Melnick v. Voitus*), 5:14-cv-3063 (*Melnick v. PNC Fin. Servs. Grp./Chex Sys., Inc., et al.*), 5:14-cv-3064 (*Melnick v. Hunan Springs*), 5:14-cv-3065 (*Melnick v. The Estate of Mr. James Leuth*), 5:14-cv-3066 (*Melnick v. Baumann's Antiques & Candles*), 5:14-cv-3067 (*Melnick v. The Am. Detective Agency*), 5:14-cv-3068 (*Melnick v. Jaindl*), 5:14-cv-3069 (*Melnick v. Dellinger, et al.*), 5:14-cv-3070 (*Melnick v. Lehigh Pizza*), 5:14-cv-3071 (*Melnick v. Segel*), 5:14-cv-3072 (*Melnick v. Suoboda, et al.*), 5:14-cv-3073 (*Melnick v. Ueichert Commercial Brokerage*), 5:14-cv-3075 (*Melnick v. Weil Antique Ctr.*), 5:14-cv-3081 (*Melnick v. Alercia, et al.*), 5:14-cv-3083 (*Melnick v. Wells Fargo Bank, et al.*), 5:14-cv-3084 (*Melnick v. Young's Cleaners*), 5:14-cv-3085 (*Melnick v. Sulderits, et al.*), 5:14-cv-3086 *Melnick v. Dellisant, et al.*), 5:14-cv-3087 (*Melnick v. Ciappina, et al.*), 5:14-cv-3206 (*Melnick v. China House Rest.*), 5:14-cv-3207 (*Melnick v. Temple Beth El*), 5:14-cv-3208 (*Melnick v. Scott*), 5:14-cv-5631 (*Melnick v. Cole Haan*).  The plaintiff appears to have paid the filing fee for each of the aforementioned actions.

The court has not relied on the allegations in the above cases or the dispositions in those cases in analyzing the issues discussed in this memorandum opinion.  The court references the cases only for contextual purposes.

I.      SUMMARY OF ALLEGATIONS AND PROCEDURAL HISTORY

The plaintiff commenced this action against the defendant, CNBC Studio, by filing a complaint on May 29, 2014.  *See* Doc. No. 1.[2]  In the complaint, the plaintiff alleges that he lives in Allentown, Pennsylvania, and the defendant has an address in Englewood Cliffs, New Jersey. *See* Compl. at 1-2.  The plaintiff asserts that the court has diversity jurisdiction over this case under 28 U.S.C. § 1332.  *Id.* at 2.  The plaintiff also avers that his state of citizenship is "PA," and the defendant's states of citizenship are "PA, TX, NJ." *Id.* at 3.

Regarding the factual allegations in support of the plaintiff's purported claims, the complaint is confusing, mostly incomprehensible and, thus, it is difficult for the court to ascertain precisely what the plaintiff is asserting with regard to the named defendant in this case. The plaintiff generally alleges that he "thought to explain [his] 'phobia' in lieu [of] an attempt to future Mega millions and Powerball, Multi-State Lottery Association, lottery strikes so to win by proxy."  *Id.*  At some point, he contacted the defendant and a "Mr. Cramer" answered his call. *Id.*  He and Mr. Cramer then discussed his chances of suing the defendant, and his call was eventually "levied" to two different cities, until he eventually spoke to a "Miss Lee." *Id.*

After these allegations, the plaintiff's complaint digresses into areas by which the court cannot ascertain what he is stating.  In this regard, after mentioning the phone calls to Mr. Cramer and Miss Lee, the plaintiff discusses his presence in a restaurant and he references some "matter" involving a cashier and a "gentleman who stood beside her." *Id.*  He then states that he is "uncertain whether CNBC took the job of spying the place[,]" which presumably means the restaurant. *Id.*  The plaintiff next indicates that "[t]he games were on 03-22-13, 03-23-13,  04-23-13, 04-26-13, [and] 04-27-13 as [he] was to involve a second visit to a new waiter in union with two excited ladies who had arrived in perfect time." *Id.*

---

[2] The plaintiff used a form complaint in this case.

The plaintiff goes on to describe his injuries as follows:

> The business of having lost so much money in such a short amount of time is extremely hurtful. The odds of the gamble are meaningfully ambivalent because they stole my service to their being clean of conspiracy, they stole/EMBEZZLED my jackpot money in lieu of a cure foregoing the need for restitution. Their work was clearly in lieu of a generous reward because the cash was in their hands. "It seems this is what I do," I explained my person to the two.

*Id.* at 4.  He seeks damages totaling $248,622,318.65.  *Id.*  He further notes that "[i]t's hard to tell exactly what they owe, whereas the interest is so much, so I'll just add twenty million to their debt of gratitude." *Id.*

It appears that the Clerk of Court's office issued the summons to the plaintiff on June 2, 2014.  *See* 5-29-14 Unnumbered Docket Entry After Doc. No. 1 (showing issuance to plaintiff on June 2, 2014).  This was the last activity in the case as reflected on the docket.

## II.   DISCUSSION

Although there appear to be significant issues with the merits of the claims in the complaint insofar as the plaintiff is attempting to collect money resulting from a lottery that the defendant may or, most likely, may not have won, the court will not address those issues at this point.  Instead, there are two preliminary issues requiring resolution:  First, it does not appear that the court has subject-matter jurisdiction over this action.  Second, it does not appear that the plaintiff has properly effected service of the complaint and summons as required by Rule 4(m) of the Federal Rules of Civil Procedure.

With regard to subject-matter jurisdiction, the party asserting federal jurisdiction "bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).  Although the only document of record so far is the complaint, the court is obliged to address issues of subject-matter jurisdiction *sua sponte*.  *See Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of*

*Philadelphia*, 657 F.2d 29, 36 (3d Cir. 1981) ("A federal court is bound to consider its own jurisdiction preliminary to consideration of the merits."). If the court lacks subject-matter jurisdiction, the court <u>must</u> dismiss the action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

As indicated above, the plaintiff indicates that the court has diversity of citizenship jurisdiction over this case under 28 U.S.C. § 1332. *See* Compl. at 2.[3] The diversity statute provides in relevant part that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (1) citizens of different States." 28 U.S.C. § 1332(a)(1). Courts have uniformly held that this statute demands "complete diversity of citizenship," a requirement that is not satisfied "unless *each* defendant is a citizen of a different [s]tate from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original) (footnote omitted). In determining citizenship, "[a] natural person is deemed to be a citizen of the state where she is domiciled." *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182

---

[3] Despite checking the box on the form complaint indicating that he is asserting diversity jurisdiction, the plaintiff also stated that for federal-question jurisdiction the following constitutional, statutory, or treaty rights were at issue: "Embezzlement, Theft of service, [and] Conspiracy." Compl. at 2. Even if the plaintiff was attempting to raise federal-question jurisdiction under 28 U.S.C. § 1331, he has not included sufficient allegations to invoke jurisdiction.

The federal-question jurisdiction statute provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "For a claim to arise under the Constitution, laws or treaties of the United States, a right or immunity created by the Constitution or laws of the United States must be an essential element of the plaintiff's claim." *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 939 F. Supp. 398, 399 (E.D. Pa. 1996) (citation omitted). "Furthermore, the cause of action must be created by the federal law or the vindication of a right under state law must turn upon the construction of that federal law." *Id.* (citation omitted).

Despite the plaintiff's general references that his supposed federal rights against embezzlement, theft of service, and conspiracy are at issue, the complaint does not identify what, if any, federal constitutional, statutory, or treaty rights, are essential elements of his claims. Therefore, the plaintiff has not properly pleaded the basis for this court's subject-matter jurisdiction over this action under 28 U.S.C. § 1331.

(3d Cir. 2008) (citation omitted). Moreover, although a "corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business," "the citizenship of partnerships and other unincorporated associations is determined by the citizenship of its partners or members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419-20 (3d Cir. 2010) (citations omitted). Furthermore, "[b]ecause the citizenship inquiry is not the same for all business entities, [the] [p]laintiff must identify how [the] [d]efendant is organized and allege the facts necessary to establish the citizenship of that particular type of business entity." *Grabowski v. Liberty Mut. Fire Ins. Co.*, No. 3:14-815, 2014 WL 1745893, at *2 (M.D. Pa. May 1, 2014) (citations omitted).

Here, while the plaintiff's allegations exceed the amount in controversy requirement of section 1332(a) insofar as he is seeking to recover an amount well in excess of $75,000, his citizenship allegations are deficient. In this regard, although CNBC Studio obviously appears to be a business, the plaintiff has not identified what type of business it is or the correlating facts necessary to establish its citizenship.[4] In addition, to the extent that the plaintiff does include citizenship allegations, he defeats his own claim because he indicates that both he and the defendant are citizens of the Commonwealth of Pennsylvania. *See* Compl. at 3. If the plaintiff is correct, the parties are not completely diverse and the court would lack subject-matter jurisdiction under section 1332(a). Accordingly, based on the allegations in the complaint, the court would appear to lack subject-matter jurisdiction over this action.

---

[4] As indicated above, the only specific information provided about the defendant is that it has an address at 900 Sylvan Avenue in Englewood Cliffs, New Jersey. *See* Compl. at 2.

Concerning the plaintiff's apparent failure to timely serve the complaint, he filed the complaint on May 29, 2014. The plaintiff had 120 days from the filing of that complaint, *i.e.* September 26, 2014, to serve the summons and the complaint upon the defendant. *See* Fed. R. Civ. P. 4(c)(1) (requiring plaintiff to serve summons with copy of complaint); Fed. R. Civ. P. 4(m) (requiring plaintiff to serve defendant with process "within 120 days after the complaint is filed"). The plaintiff has not filed any proof of service indicating that he has effected service of the summons and the complaint in this matter. *See* Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court."). Accordingly, to date, the plaintiff has not complied with Rule 4(m) by virtue of his failure to serve the summons and the complaint on the defendant and file the appropriate proof of service with the court.

### III.   CONCLUSION

For the reasons set forth above, it appears that the court lacks subject-matter jurisdiction over this action. Nonetheless, the court recognizes that when addressing the issue of subject-matter jurisdiction *sua sponte*, courts should ordinarily give the plaintiff "notice and an opportunity to respond." *Schneller ex rel. Schneller v. Fox Subacute at Clara Burke*, 317 F. App'x 135, 138 (3d Cir. 2008) (citations omitted). Therefore, despite the court's apparent lack of subject-matter jurisdiction over this case, the court will provide the plaintiff with a period of twenty-one (21) days to file a written response in which he shows how the court has subject-matter jurisdiction over this case.

In addition, to the extent that the plaintiff can show that the court has subject-matter jurisdiction over this matter, he has still not complied with Rule 4(m) by serving the summons and the complaint upon the defendant within 120 days of the filing of the complaint. Per the mandates of Rule 4(m), the court will dismiss this action without prejudice for the plaintiff's

failure to properly effect service of the summons and the complaint unless the plaintiff provides a written response in twenty-one (21) days establishing (1) he effected service of process within the 120-day period, or (2) good cause for the failure to effect timely service.  *See* Fed. R. Civ. P. 4(m) (mandating dismissal of action against defendant not timely served within 120 days unless plaintiff shows good cause for failure to serve).

An appropriate order follows.

BY THE COURT:


*/s/ Edward G. Smith*
EDWARD G. SMITH, J.